UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IVAN M. TURNER | CIVIL ACTION |
| VERSUS | NO. 20-1096 |
| INDIAN HARBOR INSURANCE CO., ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is plaintiff Ivan Turner's motion to remand this matter to state court.[1] Because defendant has not established that the amount in controversy is over $75,000, the Court grants the motion to remand.

## I. BACKGROUND

This case arises from a car accident. Plaintiff Ivan Turner alleges that he was driving on A.P. Tureaud Avenue when a car driven by Nelly Garcia made an improper left turn and struck his vehicle, causing him injury.[2] Plaintiff filed a petition for damages for personal injuries in Louisiana state court against Garcia and her insurers Indian Harbor Insurance Company

---

[1] R. Doc. 8.
[2] See R. Doc. 1-1 at 1 ¶ 2.

and Metropolitan Direct Property and Casualty Insurance Company.[3] Plaintiff alleged various damages, including past, present, and future pain and suffering, mental anguish, and medical expenses.[4] Plaintiff is a citizen of Mississippi, while Indian Harbor is a citizen of Delaware, Metropolitan Direct is citizen of Rhode Island, and Garcia is a citizen of Louisiana.[5]

Defendant Indian Harbor removed plaintiff's suit to this Court on the basis of diversity jurisdiction.[6] Plaintiff now moves to remand the matter back to state court.[7]

## II. LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). "[T]he removing party bears the burden of . . . show[ing] that federal jurisdiction exists." *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). And "[t]he jurisdictional facts that support removal must be judged at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). In assessing whether removal is

---

[3] *See generally* R. Doc. 1-1.
[4] *Id.* at 3 ¶ 11.
[5] *See* R. Doc. 1 at 2 ¶¶ IV-VII.
[6] R. Doc. 1.
[7] R. Doc. 8.

appropriate, the Court is guided by the principle that "the removal statute should be strictly construed in favor of remand," *see Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), because federal courts are courts of limited jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the Court must remand the case to state court. 28 U.S.C. § 1447(c).

Federal courts have original jurisdiction in diversity actions. *See* 28 U.S.C. § 1332(a). For diversity jurisdiction to exist, there must be complete diversity between plaintiffs and defendants, and the amount in controversy must exceed $75,000. *See id.*; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. "Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). On the other hand, "if a plaintiff pleads damages less than the jurisdiction amount," this figure will also generally control, thereby barring removal. *See id.* "Thus, in

3

the typical diversity case, the plaintiff remains the master of his complaint." *Id.*

Under Louisiana law, though, a plaintiff ordinarily cannot plead a specific amount of damages. *See* La. Code Civ. P. art. 893(A)(1); *Manguno*, 276 F.3d at 723. Rather, a plaintiff is permitted to make only "a general allegation that the claim exceeds or is less than" a particular amount, if making such an allegation is "necessary to establish the jurisdiction of [a] court . . . [or] the lack of jurisdiction of federal courts due to insufficiency of damages." La. Civ. Code. P. art. 893(A)(1). When the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires that "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia*, 233 F.3d at 882; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

A defendant satisfies this burden either by showing that it is "facially apparent" that the plaintiff's claims exceed the jurisdictional amount, or by "setting forth the facts in controversy . . . that support a finding of the requisite amount." *Allen*, 63 F.3d at 1335 (emphasis omitted). "[W]here the district court is making the 'facially apparent' determination, the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy was likely to exceed [$75,000]." *Id.* at 1336. If "the

4

facially apparent test is not met," the Court may then consider "summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." *See id.*

If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000. *See De Aguilar*, 47 F.3d at 1412. Absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, . . . later filings [are] irrelevant." *Id.* (first alteration in original) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)); *see also id.* at 1412 n.10 ("The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations.").

## III. DISCUSSION

As required by Louisiana law, plaintiff's petition does not allege a specific amount of damages. The removing defendant therefore must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Gebbia*, 233 F.3d at 882.

5

The Court first looks to the face of the complaint to determine whether the amount in controversy is facially apparent.  Plaintiff alleges that he suffered "personal injuries," and does not describe the nature or extent of these injuries.[8]  He seeks compensation for "[p]ast, present, and future physical pain and suffering, . . . [p]ast, present and future metal anguish," and "[p]ast, present, and future medical expenses."[9]  He also seeks compensation for "[l]oss of enjoyment of life, . . . [r]ental car expenses," and "[a]ny and all other damages that may be proved at the trial of these matters."[10]  Plaintiff does not provide any specific information as to the nature of his injuries, the medical treatment required, the medical expenses incurred, or the pain and suffering endured.  Nor does he allege that he was hospitalized or requires surgery.

Consequently, the Court finds that plaintiff's allegations are "plain vanilla," and thus it is not facially apparent that the amount in controversy requirement is satisfied.  Indeed, numerous cases have found that the amount in controversy requirement was not facially apparent from the complaint, even where the plaintiffs described their injuries in more detail than Turner did here.  *See, e.g., Jupiter v. Lowe's Home Ctrs., Inc.*, No. 12-

---

[8]     R. Doc. 1-1 at 2 ¶ 9.
[9]     *See id.* at 2 ¶ 11.
[10]    *See id.*

6

895, 2012 WL 2878639, at *2 (E.D. La. July 13, 2012) (finding complaint containing "vanilla" allegations that plaintiff had suffered knee injuries necessitating surgery and sought damages for "loss of enjoyment of life; physical disability, pain and suffering; past and future mental pain and suffering; disruption of bodily tissues and cells; and past, present, and future medical expenses" insufficient for providing notice that amount in controversy exceeded $75,000); *see also Carr v. Nationwide Corp.*, No. 19-13389, 2020 WL 1041609, at *3 (E.D. La. Mar. 4, 2020) (collecting cases).

Indian Harbor resists this conclusion by pointing out that plaintiff requested a jury trial,[11] which is available only where a petitioner's cause of damages exceeds $50,000. *See* La. Code Civ. P. art. 1732(1). But while this is a factor that may be considered by the Court in determining whether the amount in controversy exceeds $75,000, it is not controlling. *See, e.g.*, *Brown v. Richard*, No. 00-1982, 2000 WL 1653835, at *4 (E.D. La. Nov. 2, 2000); *Gaitor v. Penisular & Occidental S.S. Co.*, 287 F.2d 252 (5th Cir. 1961). In *Peninsular*, the Fifth Circuit declined to construe a complaint filed in Florida state court demanding damages "in excess of $5,000 .00" as also exceeding the sum of $10,000, the amount then necessary for federal

---

[11]   *See* R. Doc. 1-1 at 1 ¶ 3 ("Pursuant to Louisiana Code of Civil Procedure article 893, the petitioner states that his individual damages exceed the specific amount of damages necessary to establish the right to a jury trial.").

7

jurisdiction for diversity cases. *See id.* at 254. The Court likewise finds that asserting a jury demand, which requires a claim for at least $50,000, does not automatically mean the claim is for at least $75,000. Plaintiff's jury demand is not sufficient to establish that the amount in controversy is at least $75,000, particularly given plaintiff's unadorned allegation of "personal injuries."[12]

Because the amount in controversy is not facially apparent from the complaint, the Court may consider summary judgment-type evidence to determine whether the amount in controversy requirement is met. *See Allen*, 63 F.3d at 1335. Here, the only evidence Indian Harbor puts forth is that plaintiff did not respond to a request to stipulate that his damages would be less than $75,000.[13] Again, although a plaintiff's refusal to stipulate to damage below $75,000 is a factor the Court may consider, it is not a determinative factor in deciding a motion to remand. *See Carbajal v. Caskids Oil Operating Co.*, No. 05-5966, 2006 WL 1030392, at *3 (E.D. La. Apr. 28, 2006) ("[A] failure to stipulate is only one factor to consider in determining whether a defendant has met its burden, and it alone will not defeat a plaintiff's motion to remand."). While Turner's refusal to stipulate

---

[12] R. Doc. 1-1 at 2 ¶ 9.
[13] R. Doc. 10-1 at 2.

is some evidence to support plaintiff's position, without more it is not sufficient to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. Indian Harbor therefore fails to carry its burden to establish the amount in controversy above $75,000, and this case must be remanded to state court.

Because the Court finds that defendant has not met its burden to show that the amount in controversy exceeds $75,000, the Court does not reach plaintiff's argument that all defendants did not properly consent to removal.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand.

New Orleans, Louisiana, this __28th__ day of May, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE